# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-20520
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2016

Lyle W. Cayce
Clerk

SEQUOIA DI ANGELO,

Plaintiff–Appellant,

versus

WELLS FARGO BANK, NATIONAL ASSOCIATION;
GIOVANNINA CANTALE,

Defendants–Appellees.

————

Appeal from the United States District Court
for the Southern District of Texas

————

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Sequoia Di Angelo appeals a summary judgment in favor of Wells Fargo Bank, National Association ("Wells Fargo"). She raises two issues: first, that the district court should have applied Texas rather than California law; and second, that there are genuine disputes of material fact that preclude summary judgment. We find no error and affirm.

No. 15-20520

I.

On July 28, 2013, Martin Schmidt ("Schmidt") and his son Denali Schmidt died in an avalanche while attempting to become the first father-son team to climb K2, the second highest mountain on earth. Soon thereafter, Di Angelo received news of the deaths and obtained a copy of a will that her father had signed in New Zealand in 2010. The will contained a provision leaving the money in Schmidt's U.S. bank accounts to "to my son DENALI MARTIN VALDEMAR SCHMIDT and my daughter SEQUOIA DIANGLEO [*sic*] equally if both are living at my death but if only one of them is living at my death then to that one."

On September 1, 2013, Di Angelo went to a Houston branch of Wells Fargo seeking information on her father's bank accounts. She was told that Wells Fargo could not share any information without copies of her father's death certificate and will. She informed a bank employee that her stepmother, Giovannina Cantale, who lives in New Zealand, might try to withdraw the funds and asked the representative to place a note in the bank's records indicating that Di Angelo was making a claim on the funds. The employee refused but assured Di Angelo that no one could access the funds without copies of her father's death certificate and will. The employee also said that court intervention would be necessary given the amount of the funds.

On November 11, Di Angelo visited the same branch with copies of the death certificate and will but was told that there were no active accounts. When Di Angelo returned in December, a different employee told her that her stepmother had emptied and closed her father's accounts from a Wells Fargo branch in California.

Di Angelo sued Wells Fargo in Texas state court for negligence, promissory estoppel, and conversion. Wells Fargo removed to federal court, which

No. 15-20520

granted summary judgment based on California Probate Code § 13106(a), which discharges the holder of funds "from any further liability with respect to the money or property" upon receipt of an affidavit conforming to certain statutory requirements.

## II.

Di Angelo contends that summary judgment was improper because Texas rather than California law governs and because there are genuine disputes of material fact. We disagree.

To begin, Di Angelo has waived her objection, on choice-of-law grounds, to the applicability of Section 13106(a). In the district court, Di Angelo maintained only that § 13106(a) is not fatal to her claim because Wells Fargo had actual notice of her allegedly superior claim to Schmidt's accounts and that, under Texas law, her oral notice sufficed to give Wells Fargo "actual notice." Di Angelo never claimed, as she does now on appeal, that choice-of-law rules require application of Texas law to events that occurred in California. To the contrary, she conceded that California law applies to events occurring in California, positing only that Texas law governs whether her interactions with Wells Fargo's Houston employees provided the bank with actual notice of her claims.

Given the applicability of California law, there is no genuine dispute of material fact. Section 13106(a) discharges the holder of funds "from any further liability with respect to the money or property" upon receipt of an affidavit conforming to the requirements of Sections 13100 through 13104 of the California Probate Code. "The holder may rely in good faith on the statements in the affidavit or declaration and has no duty to inquire into the truth of any statement in the affidavit or declaration." CAL. PROB. CODE § 13106(a).

3

No. 15-20520

Di Angelo reasons, however, that—§ 13106(a) notwithstanding—Wells Fargo may still be liable because it had actual notice of her claim to the funds. In *Mautner v. Peralta*, 215 Cal. App. 3d 796 (1989), a bank received written notice of a claim by the California Veterans Home (the "Home") to the funds in a decedent's account under California's Military and Veterans Code § 1035.05(b), which made the Home the decedent's statutory heir. The bank, however, later distributed the funds to a beneficiary of the will. When the Home sued, the bank claimed immunity from liability under the predecessor statute to § 13106(a). The state appellate court rejected that argument because the Home had a superior statutory claim and could not participate in the Probate Code's typical affidavit/declaration procedures for small estates. The court thus created an exception to immunity where the holder of funds has actual notice of a superior statutory claim.

We agree with the district court *a quo* that the situation in *Mautner* is not comparable to the one here and thus that Di Angelo cannot have recourse to the judicially-created "actual notice" exception to § 13106(a) immunity. No statute gives Di Angelo a claim to Schmidt's bank accounts superior to claims deriving from testate succession, as was the case in *Mautner*. Because Di Angelo has failed to probate her father's will, the only statutory claim that she may possibly have is under California's laws of intestate succession, which give a decedent's surviving children a share in the estate not passing to the decedent's surviving spouse. *See* CAL. PROB. CODE §§ 6401, 6402. A claim under the laws of intestacy, however, is inferior to a claim under the laws of testate succession, and it is questionable whether a claim to a percentage of an estate equates to a claim to specific assets in the estate, like the Wells Fargo bank accounts at issue here. We further note that Di Angelo has waived any

4

No. 15-20520

argument based on intestate succession by failing to raise the issue in the district court or in her briefs on appeal.

Given these facts, we hold that it is immaterial whether Di Angelo gave Wells Fargo actual notice or whether she reasonably and detrimentally relied on any representation by Wells Fargo's Houston employees. The California legislative scheme grants Wells Fargo immunity from any injury that Di Angelo may have suffered from the disbursement of funds to her step-mother. *See* CAL. PROB. CODE § 13106(a).

If Di Angelo has indeed been injured, she must proceed directly against the person to whom Wells Fargo disbursed the money, namely, her step-mother.[1] What Di Angelo seeks—to have Wells Fargo make a double payment, once to her and once to her stepmother—is precisely what California law denies.

The summary judgment is AFFIRMED.[2]

---

[1] *See* CAL. PROB. CODE § 13110(a) ("[E]ach person to whom payment, delivery, or transfer of the decedent's property is made under this chapter is personally liable to the extent provided in Section 13112 to any person having a superior right by testate or intestate succession from the decedent.").

[2] Wells Fargo's opposed motion for leave to file an additional brief is DENIED.